IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEREK JACKSON on behalf of
themselves and others similarly situated,

      Plaintiff,

v.

SUNPATH, LTD., ANDREW GARCIA,
NATIONAL AUTO PROTECTION CORP,
and WILLIAM T. FINNERAN

      Defendants.
_____/

Case No. 1:19-cv-10556-TSH

**DEFENDANT, WILLIAM T. FINNERAN'S, REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS WITH PREJUDICE UNDER FEDERAL RULE 12(h)(3)**

Defendant, William T. Finneran ("Defendant"), by and through undersigned counsel, hereby files this Reply to Plaintiff, Derek Jackson's, Response to Defendant's Motion to Dismiss with prejudice under Federal Rule 12(h)(3) of the Federal Rules of Civil Procedure, and states as follows:

**I.     INTRODUCTION**

It is undisputed that at the time Plaintiff filed his Complaint and the Amended Complaint in the instant lawsuit, his claims were barred as a matter of law. This constitutional bar was recently discussed in detail by three different courts in evaluating motions to dismiss filed in opposition to Telephone Consumer Protection Act ("TCPA") claims filed in connection with telephone calls purportedly made prior to July 6, 2020. *See, e.g.*, *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335, 2346 (2020) ("*AAPC*"), *Creasy v. Charter Communs., Inc.,* No. 20-1199 SECTION "F"*,* 2020 U.S. Dist. LEXIS 177798 (E.D. La. Sept. 28, 2020) ("*Creasy*") and *Lindenbaum v. Realgy,* Case No. 1:19-cv-2862 (N.D. Oh. 2020) ("*Lindenbaum*").

And, since filing his Motion to Dismiss, a fourth court has determined that the TCPA was unconstitutional prior to July 6, 2020. *Hussain v. Synergy, et al.,* Case No. 5:20-cv-00038-JSM-PRL, Doc. 74 (M.D. Fl. Dec. 11, 2020). This ruling follows *Creasy* and *Lindenbaum* in determining that the Supreme Court's ruling in *AAPC* definitively established the TCPA was rendered unenforceable following the addition of the government-backed debt exemption in 2015. That means the Court cannot enforce the provision, and defendants sued under the TCPA for calls made during that timeframe (including in class actions) are entitled to judgment.

Whether or not Plaintiff knew at the time he filed this action that his claims were barred, or whether Defendant was aware of this important line of case law at the time he filed his answer is of no consequence with respect to the application of Rule 12(h)(3), which requires dismissal by this Court upon determining that it has a lack of subject matter jurisdiction over the matter at any time, such as now. Since Plaintiff's Amended Complaint is premised on the application of an unconstitutional law that is violative of the First Amendment, the Amended Complaint fails as a matter of law and **must** be dismissed.

**II.    REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff does not argue that two of the cases on which Defendant relies upon in moving to dismiss Plaintiff's Amended Complaint – *Lindenbaum* and *Creasy* – were decided wrongly. [D.E. 69]. Instead, Plaintiff only attempts to distinguish *AAPC,* arguing that *AAPC* only declared particular subsubsections of the Telephone Consumer Protection Act ("TCPA") unconstitutional. However, Plaintiff's argument is wrong. Contrary to Plaintiff's position in the Response, the decision in *AAPC* is not limited to §227(b)(1)(A)(iii). Instead, the Plurality held "that the 2015 government-debt exception created an unconstitutional exception to the 1991 robocall restriction." *AAPC*, 140 S. Ct. at 2348. Nothing in *AAPC* or in the logic of *Creasy* or *Lindenbaum* suggests

1016446\307159030.v1

that only part of the TCPA restrictions were deemed invalid in *AAPC*; rather, the statute as a whole was declared invalid – with one portion of the statute being stricken to salvage the entirety of the TCPA moving forward. While *Creasy* and *Lindenbaum* specifically reference §227(b)(1)(A)(iii) in their holdings, that is simply because those cases dealt with purported violations of that portion of the TCPA. Nothing in those opinions limits the applicability of *AAPC* to other portions of the same statute, and Plaintiff offers no explanation or argument to the contrary.

In any event, carving up the TCPA in the manner Plaintiff suggests is appropriate would be inconsistent with the landmark First Amendment decision on which *AAPC* relied: *Reed v. Town of Gilbert*, 576 U.S. 155, 163-164 (2015). In *Reed*, the Supreme Court declared the Town of Gilbert's entire signage regulations unconstitutional. Unsurprisingly, the Court did not parse the regulations to determine which portions survive strict scrutiny and which did not, but instead stated that content based laws are subject to strict scrutiny and content neutral laws are subject to a lower level of scrutiny. *Id*. A law is content-based if "a regulation of speech 'on its face' draws distinctions based on the message a speaker conveys." *Reed,* 576 U. S., at 163. That description applies to a law that "singles out specific subject matter for differential treatment." *Id.*, at 169. Laws favoring some speakers over others demand strict scrutiny. *Id.*

The same occurred in *AAPC* – the Supreme Court declared the TCPA unconstitutional, but then cured the constitutional defect by severing the government-backed debt exception. Nothing in the opinion states that the declaration of the unconstitutionality was in any way limited to one particular sub-section of the statute.

Simply put, an unconstitutional statute is unconstitutional in its entirety. The Supreme Court severed only one portion of the statute and did so on a prospective basis only. That was the holding of *Creasy* and *Lindenbaum* respectively. Plaintiff takes an unsupported and overly

restrictive view of *AAPC*, but nothing in *AAPC* or the Court's First Amendment jurisprudence supports such a narrow view of the opinion. Additionally, Defendant did not waive or forfeit his arguments when he answered and raised affirmative defenses **prior** to the ruling in *AAPC*. The Supreme Court of the United States has long held that "if the laws are unconstitutional and void, the [federal court has] no jurisdiction of the causes." *Ex parte Siebold*, 100 U.S. 371, 377 (1880); *see also Montgomery v. Louisiana*, 136 S. Ct. 718, 724 (2016) (sentence under unconstitutional law is void because state was deprived of authority to impose it); *United States. v. Baucum*, 80 F.3d 539, 540-41 (D.C. Cir. 1996) ("It is true that once a statute has been declared unconstitutional, the federal courts thereafter have no jurisdiction over alleged violations (since there is no valid 'law of the United States' to enforce)[.]"); *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 760, (1995);. As relevant here, a speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion at the time of the speech. *See Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2, (1972) (holding, also with regard to an invalid time-place-manner restriction, that determining the speaker's fate required assessing "the facial constitutionality of the [restriction] in effect" at the time of the speech at issue). Based on the foregoing, Plaintiff's Amended Complaint must be dismissed under Federal Rule of Civil Procedure 12(h)(3) as this Court lacks subject matter jurisdiction over the instant matter.

### III.    CONCLUSION

*AAPC* held that the TCPA's automated-call ban was an unconstitutional, content-based restriction when combined with the government debt exception enacted in 2015 and remained as such until the Supreme Court severed it on July 6, 2020. *AAPC*, 140 S. Ct. at 2343. The violations of the automated-call ban asserted by Plaintiff here all occurred during the time period in which the ban was unconstitutional. Thus, the Courtmust dismiss this action under Rule 12(h)(3) with prejudice because it lacks jurisdiction to enforce a void law against Defendant. *See Marbury*, 5

U.S. at 180.

        Attorneys for Defendant

        WILLIAM T. FINNERAN

        By: His Attorney

        */s/ Andrew M. Schneiderman*
        Andrew M. Schneiderman, BBO # 666252
        HINSHAW & CULBERTSON LLP
        53 State Street, 27th Floor
        Boston, MA 02109
        617-213-7000
        617-213-7001  (facsimile)
        aschneiderman@hinshawlaw.com

Dated:   December 14, 2020.

## CERTIFICATE OF SERVICE

    I, Andrew M. Schneiderman hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 14, 2020.

        */s/Andrew M. Schneiderman*
        Andrew M. Schneiderman

1016446\307159030.v1